JAMES B. JESSON, ADMR. v. MANSFIELD RY., L. & P. Co.

**Death of Boy at Foot of Electric Pole not Showing of Actionable Negligence.**

Notwithstanding a high degree of care is required in the handling and use of electricity, electric companies are not insurers of persons who come in contact with charged wires through their own fault. Hence, actionable negligence is not shown on the part of an electric light and power company in the case of a boy who was a trespasser and was found dead at the foot of a pole upon which wires charged with electricity had been strung by the company under permission of the municipal authorities.

[Syllabus approved by the court.]

*L. H. Beam* and *W. S. Kerr,* for plaintiff in error.
*McBride & Wolfe,* for defendant in error.

**POWELL, J.**

This is an action for damages for the wrongful death of John Jesson, deceased, alleged to have been occasioned by the negligent and wrongful acts of the defendant, which are fully set out in the petition. The answer for a first defense admits a number of facts alleged in the petition, and denies all others, and is in legal effect a general denial of the negligence alleged and of the material allegations of the petitions. For a second defense it is alleged that the injuries which caused the death of said decedent were received by him wholly through his own fault and negligence contributing thereto and without fault or negligence on the part of defendant. A reply is filed which denies each and every allegation of the second defense of the answer. Upon the issues thus joined a trial was had resulting in a verdict for the defendant. A motion for a new trial was filed and overruled and a bill of exceptions was taken, containing all the testimony and the charge of the court, and the case is now before this court on a petition in error.

There are six assignments of error in the petition in error, mostly of a general nature, and which raise the contention that upon the pleadings and evidence the verdict should have been for the plaintiff instead of for the defendant.

We have examined the testimony carefully with reference to each of the errors assigned and find that there is no error apparent on the record prejudicial to the rights of the plaintiff in error.

The decedent was a boy 14 years of age and was found dead at the foot of one of the poles of the defendant at the time named in the petition, and the evidence is to the effect that his death was caused by electric shock. The claim is made that defendant was guilty of negligence in having an appliance that could conduct a dangerous current of electricity from its overhead wires to the street, and in not keeping its wires and other appliances so insulated and guarded that the current could not escape to the street.

It is settled law that a very high degree of care is called for in the handling and use of electricity and other dangerous substances and agencies, but those owning and using the same are not insurers of those who may come in contact with such substances by accident or otherwise. The testimony in this case does not disclose any necessity whatever for a contact with a charged wire or chain on the part of decedent. He was not in the employ of the defendant nor under any contractural relations with it, and the defendant owed him no other duty than it owed to the general public, viz: that it should use a high degree of care to prevent persons coming in contact with its wires or other appliances carrying an electric current to their injury.

It is not every act of negligence that is actionable. Actionable negligence arises from a breach of legal duty arising out of contract or otherwise owing to the person sustaining the injury or loss. Thompson, Negligence, Sec. 801.

The defendant had its wires suspended where they were by permission of the municipal authorities of the city of Mansfield. We can not say as a matter of law that the evidence discloses it was guilty of any negligence whatever. The jury has said that as a matter of fact it was not, and we can not say from the record that there was error in so finding. The contact of decedent with the charged wire or chain was voluntary and unnecessary, and we think the evidence fairly shows that decedent was a trespasser against the defendant's property when he met with his unfortun-

ate accident, and that if he had not been such trespasser, the same would not have occurred.

Upon the whole case the court is of the opinion that there is sufficient evidence in the record to sustain the verdict returned by the jury and the judgment rendered thereon; that the same is not contrary to law; that there is no manifest error shown by the record either in the admission or exclusion of evidence; that there is no error prejudicial to the rights of plaintiff in error in the charge of the court as given, or in the refusal to charge as requested. We find no error in the record which would justify us, as a reviewing court, in reversing the judgment of the trial court, and the same will therefore be affirmed.

Judgment affirmed.

SHIELDS and HOUCK, JJ., concur.